**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:  Case No. 8:22-bk-00943-CPM
     Chapter 13

Michael Leslie Broadus
Jesse Lee Broadus

     Debtor(s).
_____/

**TRUSTEE'S UNFAVORABLE RECOMMENDATION**
**AND OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO:  Clerk, United States Bankruptcy Court

    1.    The Debtors' Petition for Relief to Chapter 13 was filed on March 11, 2022.

    2.    <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

    3.    It does not appear that the Debtors have dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

    a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtors have dedicated all disposable income to the Plan:

    pay stubs for months of March – May 2022 for Mrs. Broadus.

    b. Based on the Debtors' Forms 122C-1 and 122C-2, respectively, the unsecured creditors are not receiving sufficient funds.

    c. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtors shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtors are not required to file tax returns, Debtors shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtors shall provide a complete copy of the tax return; including business returns if Debtors own a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of  filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtors shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2022</u>. Debtors shall not instruct the Internal Revenue Service or other

taxing agency to apply a refund to the following year's tax liability.  **Debtors shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

4. The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

   a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtors have met the best interests of creditors test:

   proof of bank account exemption.

5. The Debtors' Statement of Financial Affairs must be amended to list correct amount of wages for 2021 on question #4.

6. It appears the Debtors have not filed their certificate of pre-petition credit counseling. The Debtors should file the certificate within ten days or the Trustee may seek dismissal of this Chapter 13 case.

/s/ Sarah K. Olsen
Sarah K. Olsen, Esquire
Florida Bar No. 44714
Staff Attorney for Chapter 13 Trustee
P.O. Box 25001
Bradenton, Florida 34206-5001
Phone:  (941) 747-4644
Fax:     (941) 750-9266

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Michael Leslie Broadus and Jesse Lee Broadus**, Debtors, 5635 Kelly Drive N, St. Petersburg, FL 33703, **Jesse D. Berkowitz, Esquire**, Attorney for Debtors, c/o Berkowitz & Myer, 4900 Central Ave, St. Petersburg, FL 33707 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 20th day of April, 2022.

/s/ Sarah K. Olsen
Sarah K. Olsen, Esquire

JMW/SKO/ss